UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. BECK,

               Plaintiff,

                                      Case No. 17-cv-10267

v.

                                      HON. MARK A. GOLDSMITH

FCA US LLC,

               Defendant.

_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (Dkt. 40)**

This motion is before the Court on Plaintiff Donald Beck's motion to alter or amend the

Court's August 11, 2017 opinion, order, and judgment which granted Defendant FCA US, LLC's

("FCA") motion to dismiss and disposed of the case accordingly. See Beck v. FCA, 273 F. Supp.

3d 735 (E.D. Mich. 2017). The issues have been fully briefed. Because oral argument will not

aid the decisional process, the motion will be decided based on the parties' briefing. See E.D.

Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the motion is denied.

**I. BACKGROUND**

Beck, a California citizen, brought this putative class action, alleging that several of FCA's

vehicles have a defective gearshift system that inaccurately indicates that the vehicles are in Park

when they, in fact, are not. See Beck, 273 F. Supp. 3d at 741. Beck alleged that the defect resulted

in a number of rollaway incidents. Id.

FCA brought a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The

Court granted the motion on the following grounds: (i) Beck lacked standing to bring the suit

because Beck could not claim he suffered economic harm as a result of the defect, see id. at 747;

1

(ii) Beck failed to provide pre-suit notice, as required by California's Consumers Legal Remedies Act ("CLRA"), see id. at 748; (iii) Beck failed to state a claim for any affirmative misrepresentation under California's Unfair Competition Law ("UCL"), see id. at 750; (iv) Beck failed to sufficiently allege facts that FCA had a duty to disclose the defect, thus requiring dismissal under the UCL, see id. at 756; (v) Beck did not present his vehicle for repair, necessitating the dismissal of his express warranty claims, see id. at 758; and (vi) Beck did not stop driving his vehicle, requiring that his implied warranty claims be dismissed, see id. at 762.

Following entry of the judgment, Beck filed the instant motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 40). FCA filed a response to the motion (Dkt. 43).

## II. STANDARD OF DECISION

Rule 59(e) allows a party to file a motion to amend or alter a judgment, so long as the motion is filed within 28 days after the entry of the judgment. See Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citations omitted).

## III. ANALYSIS

Beck offers two principal arguments. First, he argues that the Court should not have dismissed his complaint with prejudice and should now instead permit him to file an amended complaint, which would cure the deficiencies in the dismissed complaint. Second, Beck argues the Court committed clear error when it dismissed his implied warranty claims. The Court finds that both arguments lack merit.

In arguing that he should be permitted leave to file an amended complaint, Beck observes that Rule 15(a) allows for liberal amendment of complaints.  See Fed. R. Civ. P. 15(a).  He further argues that his failure to amend the complaint prior to opposing FCA's motion should not preclude an amendment now.

Beck is correct that the Federal Rules of Civil Procedure require that leave to amend should be freely given when justice so requires.  See id.  However, he ignores that the Sixth Circuit has instructed that parties may not "rely on the district court's opinion to identify deficiencies in his complaint."  Pond v. Haas, 674 F. App'x 466, 473 (6th Cir. 2016); accord Leisure Caviar, LLC v. U.S. Fish and Wildlife Service, 616 F.3d 612, 616 (6th Cir. 2010) (explaining that a permissive post-judgment amendment policy is not advisable because plaintiffs could "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision") (internal quotation marks omitted).  Thus, a plaintiff must shoulder a heavier burden when seeking leave to amend post-judgment, and provide a compelling reason for failure to seek leave to amend earlier.  See Pond, 674 F. App'x at 473.

There is no such compelling reason here.  Beck argues that he "had a genuine, good-faith belief that an amended complaint was unnecessary" when the Court entered its order and that he "believed that his allegations were sufficient to withstand FCA's Motion to Dismiss."  Pl. Mot. at 6, PageID.2432 (Dkt. 40).  But were the Court to grant leave to amend on this basis, it would be allowing Beck to use the Court as a sounding board.  That is to say, Beck would be using the Court to discover the deficiencies in his complaint and then immediately file an amended complaint to

fix those deficiencies. The Sixth Circuit has explicitly disapproved of this method. See Leisure

Caviar, 616 F.3d at 616. Accordingly, the Court denies this portion of Beck's motion.[1]

Beck also argues that the Court erred in relying on his continued use of the car in dismissing

his implied warranty claims. In order to succeed on his motion, Beck must show that the Court

made a clear error in law. However, Beck has not even cited controlling precedent, let alone

controlling precedent that contradicts the Court's opinion dismissing the claims. See Oto v.

Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (explaining that a party must

"demonstrate that there was a disregard, misapplication or failure to recognize controlling

precedent" to demonstrate error sufficient to grant a Rule 59 motion to amend judgment) (emphasis

added). Beck cannot rely solely on nonbinding precedent and still establish that the Court

committed a clear error in its decision.

Even if he could rely solely on nonbinding precedent, Beck has not shown clear error in

the Court's decision. Beck argues that the case law cited by the Court supports his contention that

continued use of the car is just one factor that courts consider in assessing whether a vehicle is fit

for driving. See Pl. Mot. at 16-17, PageID.2442-2443. But in those cases cited by the Court, the

continued use of the vehicle was clearly the predominant factor considered. In Tae Hee Lee v.

Toyota Motor Sales, U.S.A., Inc., 992 F. Supp. 2d 962, 980 (C.D. Cal. 2014), the Court led with

---

[1] In this portion of Beck's brief is an argument that the Court should not have dismissed the claim under a California consumer protection statute due to a lack of pre-suit notice, because the action only sought injunctive relief. See Pl. Mot. at 10-11, PageID.2030-2031. As FCA observes, this is a wholly different argument than the one Beck made when arguing the motion to dismiss, when Beck argued that FCA was not required to be notified because it was being sued as a manufacturer and because it was already on notice. See Pl. Resp. to Mot. to Dismiss at 24-25, PageID.2259-2260 (Dkt. 28). "A motion for reconsideration is not a vehicle to advance positions that could have been argued earlier but were not," McDermott v. Randall S. Miller & Associates, P.C., 835 F. Supp. 2d 362, 374 (E.D. Mich. 2011), and thus Beck's failure to raise that theory in the initial motion practice precludes him from raising it now. Regardless, as FCA argues, Beck did indeed seek damages for his CLRA claim, see Compl. ¶ 133 (Dkt. 1), and thus his argument is meritless.

that reason in finding dismissal appropriate. See id. ("In this case, Plaintiffs have not alleged that they stopped using their vehicles."). That court's parenthetical explanation of Kent v. Hewlett-Packard Co., No. 09-5341, 2010 WL 2681767, at *4 (N.D. Cal. July 6, 2010), also relied upon in this Court's opinion, makes it clear that it understood a failure to allege abandoned use of the product to be a defect requiring dismissal. See Lee, 992 F. Supp. 2d at 980 ("See, e.g., Kent, 2010 WL 2681767, at *4 (dismissing implied warranty claim because '[p]laintiffs do not allege that they have been forced to abandon the use of their computers')"). It is not, as Beck claims, that the courts in Lee and Kent considered continued use of the product as merely one of several relevant factors in determining fitness, and thus Beck has not shown that the Court committed clear error.[2] Accordingly, this portion of Beck's motion is denied.

## IV. CONCLUSION

For these reasons, Beck's motion to alter or amend judgment pursuant to Rule 59(e) is denied.

SO ORDERED.

Dated:  July 10, 2018                          s/Mark A. Goldsmith
          Detroit, Michigan                    MARK A. GOLDSMITH
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2018.

                                               s/Karri Sandusky
                                               Case Manager

---

[2] Beck has also cited several cases in which district courts did not consider whether a plaintiff is still driving the vehicle. See Pl. Mot. at 18, PageID.2444. But these citations take no account of whether the plaintiffs in those cases did indeed continue using the vehicle or, crucially, if opposing counsel raised the issue to the court. Accordingly, those cases cannot be the basis of a showing that the Court committed clear error.